J-S70021-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :   IN THE SUPERIOR COURT OF
                                                     :        PENNSYLVANIA

                Appellee            :
                                                              :

                  v.                     :
                                                              :

MELVIN L. FOX,                         :
                                                              :

                Appellant        :   No. 1811 EDA 2015

Appeal from the Judgment of Sentence May 18, 2015,
Court of Common Pleas, Delaware County,
Criminal Division at No. CP-23-CR-0007725-2014

BEFORE:   DONOHUE, LAZARUS and PLATT\*, JJ.

MEMORANDUM BY DONOHUE, J.:           **FILED NOVEMBER 24, 2015**

Appellant, Melvin L. Fox ("Fox"), appeals from the judgment of sentence following his conviction of two counts of delivery of a controlled substance, 35 P.S. § 780-113(a)(30), and two counts of possession of a controlled substance, 35 P.S. § 780-113(a)(16). On appeal, Fox raises two issues related to his sentence. For the reasons that follow, we vacate the judgment of sentence and remand to the trial court for further proceedings consistent with this decision.

After a non-jury trial on March 31, 2015, during which the Commonwealth established that Fox delivered cocaine to an informant on two occasions, the trial court convicted him of the above-referenced crimes. N.T., 3/31/2015, at 52. On the first count of delivery of a controlled substance, the trial court sentenced Fox to a term of incarceration of two

---

\*Retired Senior Judge assigned to the Superior Court.

and one half to five years. N.T., 5/19/2015, at 8. On the second count for delivery of a controlled substance, the trial court sentenced Fox to three years of probation, to run consecutively to the term of incarceration.[1] *Id.*

At the sentencing hearing, the Commonwealth contended that a school zone enhancement, 204 Pa. Code § 303.9(c), applied, and that the applicable sentencing guidelines provided for a prior record score of three and an offense gravity score of six. N.T., 5/18/2015, at 3-4. The trial court agreed with the Commonwealth's recommendations and sentenced Fox in accordance therewith. N.T., 5/19/2015, at 8; Trial Court Opinion, 7/28/2015, at 1. The Commonwealth also advised the trial court that Fox had no eligibility for boot camp, and the trial court accordingly refused to impose a sentence of boot camp or other Recidivism Risk Reduction Incentive Act ("RRRI") sentence. N.T., 5/18/2015, at 4, 8. While arguing for a more lenient sentence than that recommended by the Commonwealth, Fox's counsel did not object to the application of the school zone enhancement, the sentencing guideline numbers proposed by the Commonwealth, or his client's apparent ineligibility for RRRI. *Id.* at 6-7. Fox's counsel did not file a post-sentence motion.

On appeal, Fox raises the following two issues related to his sentencing:

---

[1]   For sentencing purposes, the possession convictions merged with the delivery convictions, resulting in no additional sentences for these offenses.

1.   Whether the lower court erred when it imposed a two and one half to five year term of incarceration for delivery of less than two grams of cocaine since it did so in reliance upon inaccurate sentencing guidelines that referred to a school zone enhancement and an offense gravity score of six, neither of which applied to the facts of the case?

2.   Whether the sentence imposed is illegal since the court failed to affix a RRRI minimum to that sentence?

Fox's Brief at 5.

For his first issue on appeal, Fox argues that the school zone enhancement had no applicability in this case, since although one of the deliveries occurred near a playground, the Commonwealth did not establish that the playground was situated on school grounds.  Fox's Brief at 10.  Fox further contends that because he was convicted of delivery of less than two grams of cocaine, the correct offense gravity score should have been five rather than six.  *Id*.  As such, Fox insists that the recommended minimum sentence under the sentencing guidelines should have been between six and sixteen months (plus or minus three months).  *Id.*

In its written opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, the trial court ruled that Fox waived his first issue on appeal because it was not raised either at the sentencing hearing or in a post-sentence motion.  Trial Court Opinion, 7/28/2015, at 1.  We must agree.  "Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court

during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." **Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005); **Commonwealth v. Roman**, 2015 WL 6830179, at *1 (Pa. Super. Nov. 5, 2015); **Commonwealth v. Shugars**, 895 A.2d 1270, 1273-74 (Pa. Super. 2006).

Comparing the misapplication of sentencing guidelines to the imposition of mandatory minimum sentences, Fox argues that we should treat his first issue on appeal as one implicating the legality of his sentence (and thus non-waivable). Fox's Brief at 18-19. Based upon prior decisions by this Court, however, we have no authority to do so. In **Commonwealth v. Archer**, 722 A.2d 203 (Pa. Super. Ct. 1998), we held that "any misapplication of the Sentencing Guidelines constitutes a challenge to the discretionary aspects of sentence." **Id.** at 211. In so ruling, we clarified that while the "improper utilization of the Sentencing Guidelines" is an error of law and thus presents a legal question," it "does not render the sentence illegal." **Id.** Similarly, in **Commonwealth v. Ali**, 112 A.3d 1210 (Pa. Super. 2015), we held that the "utilization of sentencing enhancements concerns the trial court's application of the sentencing guidelines and, therefore, implicates the discretionary aspects of [] sentence." Id. at 1226.

Alternatively, Fox contends that while his counsel failed to preserve the issue in a post-sentence motion, he himself preserved it when he filed a pro se "Petition for Reconsideration of Sentence," in which he raised the

same issues now pursued on appeal (the application of sentencing guidelines and RRRI eligibility). Unfortunately, however, Fox was represented by counsel at the time he filed his pro se motion for reconsideration, and therefore it was a legal nullity. *See, e.g.*, *Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa. Super. 2007) (pro se post-sentence motion filed while represented was a nullity, having no legal effect). This Court addressed this issue again in a recent case, *Commonwealth v. Reid*, 117 A.3d 777 (Pa. Super. 2015). In *Reid*, we ruled that a pro se motion for reconsideration, filed at a time when the appellant was represented by counsel, was a nullity. *Id.* at 781 n.8. Because Fox's post-sentence motion for reconsideration was a legal nullity, it did not preserve his first issue for appeal. This issue must therefore await collateral review.

For his second issue on appeal, Fox argues that the trial court failed to determine whether he was eligible for a RRRI sentence. Fox's Brief at 19. Pursuant to 42 Pa.C.S.A. § 9756(b.1), a sentencing court must determine whether a criminal defendant "is eligible for a recidivism risk reduction incentive minimum sentence," and if he/she is eligible, such a sentence "shall" be imposed. 42 Pa.C.S.A. § 9756(b.1); 61 Pa.C.S.A. § 4505 ("At the time of sentencing, the court shall make a determination whether the defendant is an eligible offender."). Fox contends that he is RRRI eligible, as his current offenses did not involve violence or weapons and his prior (juvenile) offenses were also for non-violent crimes. Fox's Brief at 20.

According to Fox, the trial court in this case ruled that he was ineligible for RRRI without first establishing a record on which to assess his eligibility. *Id.*

We agree. At the sentencing hearing, the trial court, apparently based upon the Commonwealth's recommendation, merely declared that Fox was ineligible for RRRI, without any consideration of the statutory factors required to make this determination. N.T., 5/18/2015, at 8 ("There will be no RRRI or boot camp involved."). This was error. 42 Pa.C.S.A. § 9756(b.1); 61 Pa.C.S.A. § 4505.

While Fox's counsel did not object (either at the sentencing hearing or thereafter),[2] RRRI eligibility is a non-waivable question of law implicating the legality of sentence. *See, e.g.*, *Commonwealth v. Tobin*, 89 A.3d 663, 669 (Pa. Super. 2014); *Commonwealth v. Robinson*, 7 A.3d 868, 871 (Pa. Super. 2010) ("[W]here the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal."). We thus remand this case for re-sentencing, at which time the trial court must place on the record its reasons for granting or denying Fox a RRRI sentence.

We note that the Commonwealth concurs with this result. Commonwealth's Brief at 19 ("He is correct.").

---

[2] Fox's counsel likewise failed to include this issue in the Rule 1925(b) statement of issues complained of on appeal. We do not find waiver on this ground, however, as we may raise issues of illegality of sentence sua sponte. *Commonwealth v. Orellana*, 86 A.3d 877, 883 n.7 (Pa. Super. 2014).

Judgment of sentence vacated. Case remanded to the trial court for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/24/2015